Jennifer L. Braster
Nevada Bar No. 9982
Benjamin B. Gordon
Nevada Bar No. 15552
NAYLOR & BRASTER
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(T) (702) 420-7000
(F) (702) 420-7001
jbraster@nblawnv.com
bgordon@nblawnv.com

*Attorneys for Defendant*
*Experian Information Solutions, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

PAMELA J. COCCARO AND FRANK M. COCCARO,

Plaintiffs,

v.

EXPERIAN INFORMATION SOLUTIONS, INC., AND TRANS UNION LLC,

Defendants.

Case No. 2:21-cv-2183-GMN-VCF

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC. AND PLAINTIFFS' STIPULATION TO AMEND ANSWER**

Complaint filed:  December 10, 2021

    Defendant  Experian  Information  Solutions,  Inc.  ("Experian")  and  Plaintiffs  Pamela  J.

Coccaro and Frank M. Coccaro ("Plaintiffs"), by and through their respective counsel of record,

hereby stipulate and agree to the filing of Experian's Amended Answer in the form attached hereto

as Exhibit A.

Dated this <u>19th</u> day of May 2022.

NAYLOR & BRASTER                                    PRICE LAW GROUP, APC


By: */s/ Jennifer L. Braster*                           By: */s/ Youssef Hammoud*
    Jennifer L. Braster                                      Steven A. Alpert
    Nevada Bar No. 9982                                   Youssef Hammoud (*admitted pro hac vice*)
    Benjamin B. Gordon                                     Price Law Group, APC
    Nevada Bar No. 15552                                  5940 S. Rainbow Blvd, Suite 3014
    1050 Indigo Drive, Suite 200                          Las Vegas, NV 89118
    Las Vegas, NV 89145

*Attorneys for Defendant Experian*                     *Attorneys for Plaintiffs Pamela J. Coccaro and*
*Information Solutions, Inc.*                           *Frank M. Coccaro*


**ORDER**

    IT IS SO ORDERED.

    IT IS HEREBY ORDERED that
the amended answer must be
filed on or before June 2, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

Dated: _____ May 26, 2022

NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(702) 420-7000

# EXHIBIT A –
# Amended Answer

Jennifer L. Braster
Nevada Bar No. 9982
Benjamin B. Gordon
Nevada Bar No. 15552
NAYLOR & BRASTER
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(T) (702) 420-7000
(F) (702) 420-7001
jbraster@nblawnv.com
bgordon@nblawnv.com

*Attorneys for Defendant*
*Experian Information Solutions, Inc.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| PAMELA J. COCCARO AND FRANK M. COCCARO,<br><br>Plaintiffs,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., AND TRANS UNION LLC,<br><br>Defendants. | Case No. 2:21-cv-2183-GMN-VCF<br><br>**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S AMENDED ANSWER TO PLAINTIFFS' COMPLAINT**<br><br>Complaint filed:  December 10, 2021 |

COMES NOW Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, and answers Plaintiffs Pamela J. Coccaro and Frank M. Caccaro's ("Plaintiffs") Complaint (the "Complaint") as follows:

## INTRODUCTION

1.     In response to paragraph 1 of the Complaint, Experian admits that the Complaint purports to state claims under the Fair Credit Reporting Act ("FCRA"). Experian also admits that the Complaint seeks damages. Experian denies that it has violated the FCRA and denies that it is liable to Plaintiffs for any alleged damages. Experian also admits that the allegations contained

therein appear to describe a portion of the FCRA. Experian affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 1 inconsistent therewith.

## JURISDICTION AND VENUE

2.      In response to paragraph 2 of the Complaint, Experian admits that Plaintiffs have alleged jurisdiction based on 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. Experian states that this is a legal conclusion which is not subject to denial or admission.

3.      In response to paragraph 3 of the Complaint, Experian admits that Plaintiffs have alleged that venue in this district is proper pursuant to 28 U.S.C § 1391. Experian further admits that Plaintiffs have alleged that the Court has personal jurisdiction over Experian. Experian states that these are legal conclusions which are not subject to denial or admission. Experian admits that it is qualified to do business and conducts business in the State of Idaho. As to the remaining allegations in paragraph 3 of the Complaint, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 3 of the Complaint.

## PARTIES

4.      In response to paragraph 4 of the Complaint, Experian repeats, realleges, and incorporates by reference paragraphs 1 through 3 above, as though fully set forth herein.

5.      In response to paragraph 5 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

6.      In response to paragraph 6 of the Complaint, Experian admits that Plaintiffs are "consumers" as defined by 15 U.S.C. § 1681a(c).

7.      In response to paragraph 7 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and, as such, issues consumer reports as defined by 15 U.S.C. § 1681a(d). Experian further admits that its principal place of business is located in Costa Mesa, California. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 7 of the Complaint.

NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(702) 420-7000

8. In response to paragraph 8 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

9. In response to paragraph 9 of the Complaint, Experian admits that it is qualified to do business and conducts business in the State of Nevada.

10. In response to paragraph 10 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and, as such, issues consumer reports as defined by 15 U.S.C. § 1681a(d). Experian denies any allegations of paragraph 10 inconsistent therewith.

11. In response to paragraph 11 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

12. In response to paragraph 12 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 12 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 12 of the Complaint.

## FACTUAL BACKGROUND

13. In response to paragraph 13 of the Complaint, Experian repeats, realleges, and incorporates by reference paragraphs 1 through 12 above, as though fully set forth herein.

14. In response to paragraph 14 of the Complaint, Experian states that the FCRA and its legislative history speak for themselves and, on that basis, denies any allegations of paragraph 14 inconsistent therewith.

15. In response to paragraph 15 of the Complaint, Experian states that the FCRA and its legislative history speak for themselves and, on that basis, denies any allegations of paragraph 15 inconsistent therewith.

NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(702) 420-7000

3 of 28

16. In response to paragraph 16 of the Complaint, Experian states that the FCRA and its legislative history speak for themselves and, on that basis, denies any allegations of paragraph 16 inconsistent therewith.

17. In response to paragraph 17, of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and, as such, issues consumer reports as defined by 15 U.S.C. § 1681a(d). Experian denies any allegations of paragraph 17 inconsistent therewith.

18. In response to paragraph 18 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 18 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 18 of the Complaint.

19. In response to paragraph 19 of the Complaint, Experian states its consumer reports can contain a variety of information including identifying information, tradeline information, public record information, and certain inquiry information, as allowed by the FCRA depending on the circumstances related to the creation of the consumer report. Except as specifically admitted, Experian denies the remaining allegations of paragraph 19 of the Complaint that relate to Experian. As to the allegations in paragraph 19 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 19 of the Complaint.

20. In response to paragraph 20 of the Complaint, Experian admits that it obtains consumer credit information from data furnishers. Experian further admits that it obtains certain public records from a data vendor. Except as specifically admitted, Experian denies the remaining allegations of paragraph 20 of the Complaint that relate to Experian. As to the allegations in

NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(702) 420-7000

4 of 28

paragraph 20 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 20 of the Complaint.

21.     In response to paragraph 21 of the Complaint, Experian admits that it obtains certain public records from a data vendor, including consumer bankruptcy information.  Experian further admits that such information may be incorporated into consumer reports.  Except as specifically admitted, Experian denies the remaining allegations of paragraph 21 of the Complaint that relate to Experian.  As to the allegations in paragraph 21 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 21 of the Complaint.

22.     In response to paragraph 22 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 22 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 22 of the Complaint.

23.     In response to paragraph 23 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 23 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 23 of the Complaint.

24.     In response to paragraph 24 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 24 of the Complaint that relate to the other defendant, Experian does not

NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(702) 420-7000

5 of 28

have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 24 of the Complaint.

25.     In response to paragraph 25 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 25 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 25 of the Complaint.

26.     In response to paragraph 26 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 26 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 26 of the Complaint.

27.     In response to paragraph 27 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 27 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 27 of the Complaint.

28.     In response to paragraph 28 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein that

NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(702) 420-7000

relates to Experian. As to the allegations in paragraph 28 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 28 of the Complaint.

29.     In response to paragraph 29 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 29 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 29 of the Complaint.

30.     In response to paragraph 30 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, including all subparts, and, on that basis, denies, generally and specifically, each and every allegation contained therein, including all subparts that relates to Experian. As to the allegations in paragraph 30 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 30 of the Complaint.

31.     In response to paragraph 31 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 31 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 31 of the Complaint.

32.     In response to paragraph 32 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on

NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(702) 420-7000

7 of 28

that basis, denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 32 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 32 of the Complaint.

33.     In response to paragraph 33 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 33 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 33 of the Complaint.

34.     In response to paragraph 34 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 34 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 34 of the Complaint.

35.     In response to paragraph 35 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 35 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 35 of the Complaint.

NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(702) 420-7000

8 of 28

36.     In response to paragraph 36 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 36 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 36 of the Complaint.

37.     In response to paragraph 37 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 37 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 37 of the Complaint.

38.     In response to paragraph 38 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 38 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 38 of the Complaint.

39.     In response to paragraph 39 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 39 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 39 of the Complaint.

40.     In response to paragraph 40 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on

NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(702) 420-7000

9 of 28

that basis, denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 40 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 40 of the Complaint.

41.     In response to paragraph 41 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 41 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 41 of the Complaint.

42.     In response to paragraph 42 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 42 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 42 of the Complaint.

43.     In response to paragraph 43 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 43 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 43 of the Complaint.

44.     In response to paragraph 44 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 44 of the Complaint that relate to the other defendant, Experian does not

NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(702) 420-7000

10 of 28

have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 44 of the Complaint.

45. In response to paragraph 45 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 45 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 45 of the Complaint.

46. In response to paragraph 46 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 46 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 46 of the Complaint.

47. In response to paragraph 47 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 47 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 47 of the Complaint.

48. In response to paragraph 48 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 48 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 48 of the Complaint.

NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(702) 420-7000

11 of 28

49.     In response to paragraph 49 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 49 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 49 of the Complaint.

50.     In response to paragraph 50 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 50 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 50 of the Complaint.

## ALLEGATIONS SPECIFIC TO CREDIT REPORTING OF PLAINTIFFS

51.     In response to paragraph 51 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

52.     In response to paragraph 52 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

53.     In response to paragraph 53 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(702) 420-7000

54.     In response to paragraph 54 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 54 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 54 of the Complaint.

55.     In response to paragraph 55 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 55 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 55 of the Complaint.

56.     In response to paragraph 56 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 56 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 56 of the Complaint.

57.     In response to paragraph 57 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 57 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to

NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(702) 420-7000

13 of 28

form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 57 of the Complaint.

58.     In response to paragraph 58 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

59.     In response to paragraph 59 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

60.     In response to paragraph 60 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

61.     In response to paragraph 61 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 61 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 61 of the Complaint.

62.     In response to paragraph 62 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 62 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 62 of the Complaint.

63.     In response to paragraph 63 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 63 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 63 of the Complaint.

NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(702) 420-7000

64.     In response to paragraph 64 of the Complaint, Experian admits that as of the filing of the Complaint, the Account was reporting as "Open/Never Late" with a balance and a status date of "Oct 2020."  As to the other allegations in paragraph 64 of the Complaint that relate to Experian, Experian denies, generally and specifically, each and every allegation contained therein. As to the allegations in paragraph 64 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 64 of the Complaint.

65.     In response to paragraph 65 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 65 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 65 of the Complaint.

66.     In response to paragraph 66 of the Complaint, Experian admits that as of the filing of the Complaint, the Account was reporting as "Open/Never Late" with a balance and a status date of "Oct 2020."  As to the other allegations in paragraph 66 of the Complaint that relate to Experian, Experian denies, generally and specifically, each and every allegation contained therein. As to the allegations in paragraph 66 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 66 of the Complaint.

67.     In response to paragraph 67 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 67 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and,

NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(702) 420-7000

on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 67 of the Complaint.

68.　　In response to paragraph 68 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.　As to the allegations in paragraph 68 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 68 of the Complaint.

69.　　In response to paragraph 69 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.　As to the allegations in paragraph 69 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 69 of the Complaint.

70.　　In response to paragraph 70 of the Complaint, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation of paragraph 70 of the Complaint.

71.　　In response to paragraph 71 of the Complaint, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation of paragraph 71 of the Complaint that relates to Experian.　As to the allegations in paragraph 71 that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 71 of the Complaint.

72.　　In response to paragraph 72 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.　As to the allegations in paragraph 72 that relate to the other defendant, Experian does not have knowledge

NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(702) 420-7000

16 of 28

or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 72 of the Complaint.

73.     In response to paragraph 73 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 73 that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 73 of the Complaint.

74.     In response to paragraph 74 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

75.     In response to paragraph 75 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 75 that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 75 of the Complaint.

76.     In response to paragraph 76 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 76 that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 76 of the Complaint.

77.     In response to paragraph 77 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 77 that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis,

NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(702) 420-7000

denies, generally and specifically, each and every remaining allegation of paragraph 77 of the Complaint.

78.     In response to paragraph 78 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 78 that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 78 of the Complaint.

79.     In response to paragraph 79 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 79 that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 79 of the Complaint.

80.     In response to paragraph 80 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 80 that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 80 of the Complaint.

## **PLAINTIFFS' DAMAGES**

81.     In response to paragraph 81 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

82.     In response to paragraph 82 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(702) 420-7000

18 of 28

83.     In response to paragraph 83 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

84.     In response to paragraph 84 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

### COUNT I

### Violations of the FCRA, 15 U.S.C. § 1681e(b)

85.     In response to paragraph 85 of the Complaint, Experian repeats, re-alleges, and incorporates by reference paragraphs 1 through 84 above, as though fully set forth herein.

86.     In response to paragraph 86 of the Complaint, Experian states that the FCRA and its legislative history speak for themselves and, on that basis, denies any allegations of paragraph 86 inconsistent therewith.

87.     In response to paragraph 87 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

88.     In response to paragraph 88 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 88 that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 88 of the Complaint.

89.     In response to paragraph 89 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein. Furthermore, to the extent that paragraph 89 of the Complaint purports to state the terms of the FCRA, Experian states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 89 inconsistent therewith.

NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(702) 420-7000

19 of 28

90.     In response to paragraph 90 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 90 that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 90 of the Complaint.

91.     In response to paragraph 91 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 91 that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 91 of the Complaint.

92.     In response to paragraph 92 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 92 that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 92 of the Complaint.

93.     In response to paragraph 93 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 93 that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 93 of the Complaint.

NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(702) 420-7000

20 of 28

94.     In response to paragraph 94 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 94 that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 94 of the Complaint.

95.     In response to paragraph 95 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.  Experian further states that the FCRA and other legal authorities speak for themselves and, on that basis, denies any allegations of paragraph 95 inconsistent therewith.

96.     In response to paragraph 96 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 96 that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 96 of the Complaint.

97.     In response to paragraph 97 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 97 that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 97 of the Complaint.

98.     In response to paragraph 98 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 98 that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis,

NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(702) 420-7000

denies, generally and specifically, each and every remaining allegation of paragraph 98 of the Complaint.

99. In response to paragraph 99 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 99 that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 99 of the Complaint.

100. In response to paragraph 100 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 100 that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 100 of the Complaint.

101. In response to paragraph 101 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 101 that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 101 of the Complaint.

102. In response to paragraph 102 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 102 that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 102 of the Complaint.

NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(702) 420-7000

22 of 28

103.    In response to paragraph 103 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 103 that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 103 of the Complaint.

104.    In response to paragraph 104 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 104 that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 104 of the Complaint.

105.    In response to paragraph 105 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 105 that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 105 of the Complaint.

106.    In response to paragraph 106 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 106 that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 106 of the Complaint.

107.    In response to paragraph 107 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 107 that relate to the other defendant, Experian does not have knowledge

NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(702) 420-7000

or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 107 of the Complaint.

108. In response to paragraph 108 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 108 that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 108 of the Complaint.

109. In response to paragraph 109 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 109 that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 109 of the Complaint.

110. In response to paragraph 110 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 110 that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 110 of the Complaint.

111. In response to paragraph 111 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 111 that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 111 of the Complaint.

NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(702) 420-7000

112.     In response to paragraph 112 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 112 that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 112 of the Complaint.

113.     In response to paragraph 113 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 113 that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 113 of the Complaint.

## RESPONSE TO PRAYER FOR RELIEF

Experian denies that Plaintiffs are entitled to any damages against Experian as set forth in their prayer for relief.

## RESPONSE TO DEMAND FOR JURY TRIAL

Experian admits that Plaintiffs have demanded a trial by jury on all issues triable.

## AFFIRMATIVE DEFENSES

In further response to Plaintiffs' Complaint, Experian hereby asserts the following affirmative defenses, without conceding that it bears the burden of persuasion as to any of them.

## FIRST AFFIRMATIVE DEFENSE
## (COLLATERAL ESTOPPEL)

Experian is informed and believes and thereon alleges that all claims in the Complaint, in whole or in part, are barred by the doctrine of collateral estoppel.  Experian's procedures for reporting pre-bankruptcy debts following a consumer's Chapter 7 discharge are governed by the federal court's order in the *White-Hernandez* class action.  *See White v. Experian Info. Sols.*, Case No. 8:05-cv-01070, 2008 WL 11518799 (C.D. Cal. Aug. 19, 2008) (the "White Order").  The

NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(702) 420-7000

White Order requires that, in the absence of direct information from the furnisher or consumer, Experian must automatically update certain pre-bankruptcy debts to report as discharged in bankruptcy based on a carefully devised set of assumptions about the debt's likely discharge status while excluding from this update certain other debts. In particular, the White Order requires that Experian exclude from its update debts having a "Current Status" at the time of bankruptcy. *Id.* at *10 (¶ 3.2(c)(ii)(E)). The Court specifically found these procedures to be reasonable as a matter of law and in compliance with the FCRA, including Section 1681e(b). *Id*. at *13 (¶ 5.4) (stating that the White Order's procedures are "reasonable procedures to assure the maximum possible accuracy [of post-bankruptcy credit information]" and are "conclusively deemed to comply with the FCRA"). The court in *White-Hernandez* expressly precluded consumers from relitigating the reasonableness of the White Order's procedures—exactly what Plaintiffs seek to do here.

## SECOND AFFIRMATIVE DEFENSE
## (FAILURE TO STATE A CLAIM)

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiffs to the relief sought, or to any other relief whatsoever from Experian. Experian's procedures are reasonable as a matter of law, which is why Plaintiffs' claims fail.

## THIRD AFFIRMATIVE DEFENSE
## (INDEMNIFICATION)

Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiffs were the result of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

## FOURTH AFFIRMATIVE DEFENSE
## (CONTRIBUTORY/COMPARATIVE FAULT)

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiffs were, at least in part, caused by the actions of Plaintiffs themselves, and resulted from Plaintiffs' own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(702) 420-7000

**FIFTH AFFIRMATIVE DEFENSE**

**(INDEPENDENT INTERVENING CAUSE)**

Experian alleges upon information and belief that if Plaintiffs sustained any of the injuries alleged in the Complaint, there was an intervening, superseding cause and/or causes leading to such alleged injuries and, as such, any action on the part of Experian was not a proximate cause of the alleged injuries.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1)     That Plaintiffs take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2)     For costs of suit and attorneys' fees herein incurred; and

(3)     For such other and further relief as the Court may deem just and proper.

Dated this __ day of May 2022.                    NAYLOR & BRASTER


By: */s/ Benjamin Gordon*
Jennifer L. Braster
Nevada Bar No. 9982
Benjamin B. Gordon
Nevada Bar No. 15552
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145

*Attorneys for Defendant Experian Information Solutions, Inc.*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 4(b), I hereby certify that I am an employee of NAYLOR & BRASTER and that on this ___ day of May 2022, I caused the document **DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S AMENDED ANSWER TO PLAINTIFFS' COMPLAINT** to be served through the Court's CM/ECF system to those persons designated by the parties that have appeared in the matter.

*/s/ Amy Reams*
An Employee of NAYLOR & BRASTER